Filed 8/25/15  P. v. Viramontes CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B256856 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. Nos. GA086965 & GA091627) |
| JOEL VIRAMONTES, | |
| Defendant and Appellant. | |

THE COURT:[*]

In two appeals that have been consolidated, Joel Viramontes (Viramontes) challenges the revocation of his probation in case No. GA086965, and his conviction of misdemeanor battery in case No. GA091627.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*) raising no issues for us to consider.  On April 10, 2015, we notified Viramontes of his counsel's brief and gave him leave to file, within 30 days, a brief or letter setting forth any arguments supporting his appeal.  That time expired, and Viramontes opted not to file a brief or letter.  Upon review of counsel's *Wende* brief and the record, we conclude that there are no arguable issues.

---

[*]    ASHMANN-GERST, Acting P. J., CHAVEZ, J., HOFFSTADT, J.

On August 31, 2012, the Los Angeles County District Attorney filed an information in case No. GA086965 charging Viramontes with criminal threats (Pen. Code, § 422, subd. (a)).[1] Enhancement allegations averred that he had a prior conviction of a serious or violent felony within the meaning of section 667, subdivisions (b) through (i) and section 1170.12, subdivision (a), and he had a prison prior within the meaning of section 667.5, subdivision (b).

Viramontes pleaded no contest to the charge and admitted the priors. The trial court imposed and suspended a sentence of seven years in state prison, and placed Viramontes on five years' probation.

On February 14, 2014, the trial court held a preliminary hearing in case No. GA091627 with respect to charges that Viramontes had made criminal threats (§ 422, subd. (a)) and committed misdemeanor battery (§ 242) on October 31, 2013. Concurrently, the trial court held a probation violation hearing in case No. GA086965. The evidence showed that Viramontes threatened to stab his nephew Giovanni Viramontes (Giovanni) and Giovanni's cousin, Julian Ledesma (Ledesma), and then head-butted Giovanni in the face.

Viramontes was held to answer in case No. GA091627, and found in violation of his probation.

Two weeks later, the trial court imposed the seven-year prison sentence in case No. GA086965, and granted him 665 days of credit, including 579 actual days and 86 good-time days. The Los Angeles County District Attorney filed an information in case No. GA091627 charging Viramontes with criminal threats and misdemeanor battery. With respect to enhancements, the information alleged that Viramontes had two prior convictions for serious or violent felonies within the meaning of section 667, subdivision (d) and section 1170.12, subdivision (b), he had two prior convictions for serious felonies under section 667, subdivision (a)(1), and he had a prison prior within the meaning of section 667.5, subdivision (b).

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

2

At trial in case No. GA091627, the evidence showed that Viramontes threatened to stab Giovanni and Ledesma.  Soon after, Viramontes head-butted and pushed Giovanni. The jury found Viramontes not guilty of criminal threats but guilty of misdemeanor battery.  The trial court sentenced Viramontes to 180 days in county jail, to run concurrently with his seven-year sentence, with 197 days credit, including 99 actual days and 98 good-time days.

We are satisfied that Viramontes counsel complied with his responsibilities.  We conclude that Viramontes' has received adequate and effective appellate review of the judgments entered against him by virtue of counsel's compliance with the *Wende* procedure, and our review of the record.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

The judgments are affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.